## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THEODORE JOHN SOLANO,  :
    Petitioner  :
    :    CASE NO.  3:10-CV-1915
v.  :
    :
LAMAS, ET AL.,  :    (JUDGE NEALON)
    Respondents  :

FILED
SCRANTON
JUN 0 6 2014
PER_____
DEPUTY CLERK

### MEMORANDUM

On September 14, 2010, Petitioner, Theodore John Solano, who is currently incarcerated at the Rockview State Correctional Institution ("SCI-Rockview") in Bellefonte, Pennsylvania, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 against the Attorney General of Pennsylvania ("A.G.") and the District Attorney's Office of Cumberland County ("D.A."). (Doc. 1). Petitioner is challenging the decision of the Cumberland County Court of Common Pleas, which convicted him on January 4, 2008 and sentenced him on January 14, 2008 to seventeen (17) to forty (40) years in prison after Petitioner entered a Nolo Contendere plea for Murder in the Third Degree and Kidnapping. (Doc. 1, p. 2).

On September 21, 2010, pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court granted Petitioner leave to withdraw his original 28 U.S.C. § 2254 habeas petition without prejudice, and afforded him forty-five (45) days from the date of the order

to notify the Court of his decision. (Doc. 5). On October 25, 2010, Petitioner filed a Notice of Election to have his habeas petition ruled on as filed. (Doc. 6). On February 15, 2011, the D.A. filed its Response to the habeas petition, including four attached exhibits. (Doc. 15).

On August 26, 2013, Petitioner filed his Traverse. (Doc. 23). This case is now ripe for review, and for the reasons set forth below, the habeas petition will be dismissed.

**Background**

As stated, on January 4, 2008, Petitioner entered a Nolo Contendere plea to Murder in the Third Degree and Kidnapping. (Doc. 1, p.1). This plea stemmed from charges involving an incident that occurred on or about December 9, 1993, in which Petitioner "unlawfully removed [his wife] Natalia Miller from the Washington, D.C. area. He brought her to the area of Whiskey Springs Road in South Middleton Township, Cumberland County, where he killed her by strangulation." (Doc. 15, p. 3). On January 14, 2008, Petitioner was sentenced to seventeen (17) to forty (40) years in the Pennsylvania State Correctional Institution system. (Doc. 1, p. 1); (Doc. 15-1, p. 18).

On December 19, 2008, Petitioner filed a pro se petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"). (Doc. 1, p. 3); (Doc. 2, p. 2). In this

2

petition, Petitioner identified several claims that he argued entitled him to relief in the form of an order vacating his conviction and sentence, including the following: (1) the amended information and added kidnapping charge violated Rule 564 of the Pennsylvania Rules of Criminal Procedure; (2) the added kidnapping charge was invalid because Pennsylvania lacked subject matter jurisdiction and the charge lacked a basis of factual support; (3) the invalid kidnapping charge resulted in an unknowing, involuntary, unintelligent, and, therefore, defective colloquy in violation of his due process rights under the Fourteenth Amendment as well as the Pennsylvania Constitution; (4) his alleged invalid conviction is unenforceable because Article 1, Section 9 of the Pennsylvania Constitution lacks a "savings clause", and therefore the Commonwealth is without authority to charge or prosecute or punish him for the offense; and (5) he was entitled to a grand jury indictment, and the lack thereof amounted to a denial of due process of law in violation of the Fifth Amendment. (Doc. 15-2, pp. 19-20, 22, 26).

Ten (10) days after the PCRA petition was filed, his claims were reviewed by PCRA counsel Nathan C. Wolf, who issued a No-Merit Letter, which stated that the petition had no arguable merit, and that an amended petition and hearing were not warranted. (Doc. 15, p. 2).

3

More specifically, Attorney Wolf stated the following:

> However, to be complete, it is important to recognize that
> Petitioner did not merely raise his claims for PCRA relief as
> claims of ineffective assistance of counsel, but rather he also
> framed his issues claiming: (1) that a violation of the
> Constitution of the Commonwealth or the Constitution of the
> United States existed such that the truth-determining process
> was so undermined that no reliable adjudication of guilt or
> innocence could have taken place[,] (2) that this Court lacked
> jurisdiction over his case, and (3) that the Court imposed a
> sentence upon him greater than the lawful maximum.
>
> After careful review of the pro se filing of the Petitioner, each
> of the grounds and bases for relief he alleges hinges upon the
> validity of the basic premise of his arguments: that the lack of a
> general savings clause in the Pennsylvania Constitution, and/
> or the denial of his purported right to indictment by Grand Jury,
> invalidate the proceedings against him. He argues the crime he
> was convicted of does not exist as a criminal act and his right
> to Due Process was violated. Because his basic premises are
> incorrect, Petitioner's claims for relief must fail.

(Doc. 15-2, p. 28).

PCRA counsel also filed a Motion for Leave to Withdraw. (Id.). On

September 2, 2009, the Motion for Leave to Withdraw was granted by the PCRA

court, and Petitioner's PCRA petition was dismissed by the PCRA court without

holding a hearing. (Id.). In its decision, the PCRA court explained that "[t]o be

entitled to PCRA relief, a petitioner must plead and prove, inter alia, that the

allegation of error has not been previously litigated or waived." (Doc. 15-3, p. 21)

4

(citing <u>Commonwealth v. Turetsky</u>, 925 A.2d 876, 879 (Pa. Super. 2007), <u>appeal denied</u>, 940 A.2d 365 (Pa. 2007) (citation omitted)).  Furthermore, the PCRA court stated that "[w]here issues presented in a PCRA petition could have been raised on direct appeal and were not, they are waived." (Doc. 15-3, p. 21).  In applying this PCRA pleading requirement, the PCRA court held that "[b]oth aspects of [Petitioner's] claim, the defectiveness of the colloquy and the alleged lack of factual support for the charge, are waived as they could have been raised prior to presentation in [Petitioner's] PCRA petition.  Even were they not waived, they are meritless." (<u>Id.</u> at 21-22).

The PCRA court asserted that Petitioner's colloquy was not defective because he engaged in both a written colloquy and an on-the-record oral examination, and that a person who elects to plead guilty or Nolo Contendere "is bound by the statement he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradicts the statements he made at his plea colloquy." (<u>Id.</u> at 22-23) (citing <u>Turetsky</u>, 925 A.2d at 881.).

Regarding Petitioner's claim that counsel was ineffective for his failure to move for withdrawal of the plea due to the court's alleged lack of jurisdiction over the kidnapping charge, the PCRA court also found that Petitioner's rationale for this claim was misguided because the kidnapping charge was based on the same

set of facts as those used to charge Petitioner with murder in the third degree, and thus the Court retained subject matter jurisdiction over the kidnapping charge. (Doc. 15-3, pp. 23-24).

An appeal was made by Petitioner to the Superior Court of Pennsylvania. (Doc. 15, p. 2). On July 19, 2010, the appeal was dismissed. (Id.). Most notably, in its review of the PCRA counsel's decision concerning Petitioner's claim that the court failed to apply the law appropriately when it permitted the Commonwealth to amend the information at 2918-2005 and add the charge of Kidnapping in violation of Rule 564 of the Pennsylvania Rules of Criminal Procedure, the Superior Court stated the following:

> In the present case, while the amendment did add a different offense, kidnapping, the charge was premised on the same events upon which the Commonwealth premised its original charges against petitioner. Petitioner acknowledged in the plea colloquy that the Commonwealth could prove beyond a reasonable doubt that he "unlawfully removed Natalia Miller from the Washington, D.C. area. He brought her to the area of Whiskey Springs Road in South Middleton Township, Cumberland County, where he killed her by strangulation." In other words, during the course of kidnapping Miller[,] he murdered her.

(Doc. 15-3, p. 9).

Furthermore, the Superior Court reasoned that the amendment did not prejudice Petitioner, but rather worked to his advantage because it allowed him to

6

reach a plea deal with a set aggregate sentence "satisfactory to both himself and the Commonwealth to resolve all of the charges against him." (Doc. 15-3, p. 9). "Counsel was not ineffective in allowing the amendment rather than delaying disposition by having the Commonwealth file a separate charge of kidnapping because the amendment served a reasonable strategic basis designed to effectuate petitioner's interest." (Id. at 10).

Additionally, the Superior Court's review of the PCRA counsel's decision found that the Commonwealth did have subject matter jurisdiction over the crime of kidnapping, that a knowing and voluntary plea was entered, and that the sentence imposed was lawful. (Id. at 12-13). With regards to Petitioner's claim that his colloquy was defective, the Superior Court held that, in accordance with Rule 590(3) of the Pennsylvania Rules of Criminal Procedure, both the written and verbal pleas were voluntarily and understandably tendered. (Id. at 12). In each of his written and verbal responses, the Petitioner provided clear affirmative responses that he was aware of the nature of the charges to which he was pleading Nolo Contendere, admitted to a factual basis for the plea, acknowledged that he understood he had the right to a trial by jury, affirmed that he understood that he was presumed innocent until proven guilty, confirmed that he was aware of the permissible range of sentences and/ or fines for the offenses charged, and that he

7

affirmed that he was aware that the judge was not bound by the terms of any plea agreement tendered unless the judge accepted the plea agreement. (Doc. 15-3, pp. 12-15).

Furthermore, the Superior Court determined that Petitioner was not prosecuted for crimes involving a violation of the Pennsylvania Constitution and, therefore, his savings clause argument was invalid. (Id. at 15).

Lastly, regarding Petitioner's Fifth Amendment grand jury presentment right claim, the Superior Court of Pennsylvania agreed with the PCRA court's analysis that because the Fifth Amendment grand jury presentment right is not incorporated into the Due Process Clause of the Fourteenth Amendment, the right does not apply to the states. (Id. at 16). The Superior Court held that, contrary to Petitioner's argument, by sheer logic, Article 1, Section 10 of the Pennsylvania Constitution does not violate the Supremacy Clause of the United States Constitution. (Id.). Based on these reasons as discussed, the Superior Court dismissed Petitioner's appeal on July 19, 2010. (Id. at 18).

On September 14, 2010, Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254. (Doc. 1, p. 1). In this action, Petitioner claims entitlement to federal habeas corpus relief based on the following grounds: (1) his plea was defective because of an inadequate colloquy and because it was based on

8

an added kidnapping charge that was factually unsupported; (2) the trial court

erred and violated the Fourteenth Amendment in allowing the Commonwealth to

amend the information to include the kidnapping charge because it was factually

unsupported, is not a crime that exists in Pennsylvania and is not a crime over

which the Commonwealth retains subject matter jurisdiction; (3) his Sixth

Amendment right to effective assistance of counsel was violated due to counsel's

alleged failure to object to the motion to amend information with the kidnapping

charge, failure to object to the allegedly defective colloquy, and failure to

withdraw Petitioner's allegedly defective Nolo Contendere plea; and (4) his Fifth

Amendment right to a grand jury presentment was violated. (Doc. 1, pp. 1-24).

In its Response, the D.A. presents two multi-faceted arguments as to why

the Court should dismiss the habeas petition.  (Doc. 15).  First, the D.A. argues

that "Petitioner's claims averring to a "defective plea colloquy" and a "lack of

factual basis for the plea" should be dismissed because the claims are procedurally

barred, fail to present a federal question, and lack merit."  (Id. at 9). Second, the

D.A. argues that "Petitioner's numerous and intermingled ineffectiveness claims

should be dismissed because they either fail to present a federal question, are

purely a matter of state law, or lack arguable legal merit."  (Id. at 16).

In his Traverse, Petitioner argues that both his defective colloquy and

factually unsupported kidnapping charge resulted in violations of his Fifth, Sixth and Fourteenth Amendment rights. (Doc. 23).  In support of his argument, he states that "[i]n the present case[,] the Commonwealth only refers to the Superior Court's decision arguing that the issue is procedurally defaulted, and makes no attempt to demonstrate that the rule relied upon by the Superior Court is firmly established and regularly followed." (Id. at 3-5).

Petitioner contends that his ineffectiveness claim should not be dismissed because it presents a federal question, is not purely a matter of state law, and does not lack legal merit. (Id. at 5).  In support of his argument, Petitioner states that because his ineffective assistance of counsel claim is a right provided by the Sixth Amendment, he has presented a federal question and an issue that is not purely a matter of state law. (Id. at 6). He further argues that his Sixth Amendment violation claim meets the Pennsylvania Court's two-prong test used to determine whether a prosecutor may amend an information because he was not deemed to have been placed on notice regarding the kidnapping charge because the facts involved a set of elements different than those of murder in the third degree, and because he was prejudiced by the added kidnapping charge because he "would not have plead no contest to a crime the Commonwealth lacked jurisdiction over." (Id. at 7-8, 10).

Petitioner asserts that his Fifth Amendment claim should not be dismissed because it does raise a federal question and has arguable merit. (Doc. 23, p. 11). In support of this argument, he claims that the Supremacy Clause of the United States Constitution makes the Fifth Amendment's right to grand jury presentment applicable to the states. (Id. at 7-8, 10).

## Discussion

### 1.   Exhaustion

Initially, it is noted that while Petitioner undisputedly did not pursue a direct appeal with the Superior Court of Pennsylvania, the exhaustion requirement of a habeas petition has been satisfied regarding his claims, except for the defective plea claim, because the PCRA petition proceedings and appeal are complete. Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is not a mere formality as it serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any

violations of a prisoner's federal rights. <u>Crews v. Horn</u>, 360 F.3d 146, 151 (3d

Cir. 2004). The Third Circuit Court of Appeals has stated that "under 28 U.S.C. §

2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies

available in the courts of the State ... if he has the right under the law of the State

to raise, by any available procedure, the question presented.'" <u>Wenger v. Frank</u>,

266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief

unless the prisoner has properly presented his or her claims through one 'complete

round of the State's established appellate review process.'" <u>Woodford v. Ngo</u>,

548 U.S. 81, 92 (2006) (internal citations omitted); <u>O'Sullivan v. Boerckel</u>, 526

U.S. 838, 844-45 (1999) (holding that while exhaustion does not require state

prisoners to invoke extraordinary remedies, the state courts must be afforded one

full opportunity to resolve any constitutional issues via completion of the State's

established appellate review process). The Supreme Court in <u>O'Sullivan</u>

explained that state prisoners must "file petitions for discretionary review when

that review is part of the ordinary appellate review procedure in the State." <u>Id.</u> at

847. The Supreme Court added that, in deciding whether a state prisoner has

preserved an issue for presentation in a federal habeas petition, it must be

determined not only whether a prisoner has exhausted his state remedies, but also

whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. O'Sullivan, 526 U.S. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

Therefore, as stated, even though Petitioner undisputedly did not raise his claims on direct appeal, because Petitioner previously presented his claims as a petition under the PCRA and had his subsequent appeal of the PCRA court's decision dismissed by the Superior Court of Pennsylvania, the exhaustion prerequisite for habeas review has been satisfied for all claims except the defective plea claim.

13

## 2. **Defective Plea Claim**

Petitioner is challenging his conviction and sentence based on an allegedly defective plea. He claims that his plea was defective due to a defective colloquy and due to an added, factually unsupported kidnapping charge that was used to amend his criminal information. (Doc. 1, pp. 5-10).

### a. **Procedural Default**

Even though Petitioner raised his defective plea claim in a PCRA petition, and then in his appeal to the Superior Court based on the PCRA court's decision, because the Superior Court deemed this claim waived, it is barred from consideration unless he proves that an exception to the default applies. According to the Third Circuit Court of Appeals, "if a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted); see Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) (citing 28 U.S.C. § 2254(b)(1)(B) (1988) (amended 1996)); Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996). A procedural default occurs when a prisoner's federal claim is barred from consideration in the state

courts by an "independent and adequate" state procedural rule.[12] <u>Doctor</u>, 96 F.3d

at 683.  Federal courts may not consider the merits of a procedurally defaulted

claim unless the applicant establishes "cause" to excuse the default and actual

"prejudice" as a result of the alleged violation of the federal law or unless the

applicant demonstrates that failure to consider the claim will result in a

fundamental "miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750

(1991).

    To show "cause", a petitioner must demonstrate some objective factor

external to the defense that prevented compliance with the state's procedural

requirements.  <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986); <u>Caswell v. Ryan</u>, 953

F.2d 853, 862 (3d Cir.), <u>cert.</u> <u>denied</u>, 504 U.S. 944 (1992).  "[T]he existence of

cause for a procedural default must ordinarily turn on whether the prisoner can

show that some objective factor external to the defense impeded counsel's efforts

---

    [1]Where the state court concluded on direct appeal that a claim was waived,
the claim is procedurally defaulted.  <u>Ayala v. Varano</u>, 2014 U.S. Dist. LEXIS
38947, *6-7 n.2 (E.D. Pa. 2014).


    [2]Where the state court on direct appeal deemed the claims waived because
no objection had been made at trial, federal habeas review is precluded unless the
petitioner can demonstrate cause and prejudice, or that a failure to consider the
claims will result in a fundamental miscarriage of justice.  <u>Sloan v. AG of
Pennsylvania</u>, 2010 U.S. Dist. LEXIS 101854, *33-34 (W.D. Pa. 2010).

to comply with the State's procedural rule." <u>Murray</u>, 477 U.S. at 488. "Cause, therefore, can be established by showing, for example, that the factual or legal basis for a claim was not reasonably available to counselor or that government interference made compliance with the procedural rule impracticable." <u>Johnson</u>, 392 F.3d at 563. Attorney error may constitute cause only where the error rises to the level of ineffective assistance of counsel in violation of the Sixth Amendment. <u>Murray</u>, 477 U.S. at 488-89.

"Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. <u>See Lockhart v. Fretwell</u>, 506 U.S. 364, 366 (1993); <u>Coleman</u>, 501 U.S. at 750. These alleged errors must have "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).

In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. <u>Schlup v. Delo</u>, 513 U.S. 298 (1995); <u>Keller</u>, 251 F.3d 408.

Here, Petitioner has not provided any exception to the procedural default of his defective plea habeas claim. He has not alleged sufficient cause or prejudice to overcome the procedural defaults in his habeas petition, nor has he alleged or

provided evidence that he is innocent.  Petitioner was free to raise his defective plea claim in a direct appeal, but failed to do so, and has failed to provide this Court with any facts whatsoever pointing to the existence of an exception to his procedural default.  Therefore, the Court will dismiss Petitioner's defective plea habeas claim, as well as the aspects that it encompasses, including the defective colloquy and the factually unsupported kidnapping charge assertions, as procedurally defaulted.

### b.   <u>Federal Question</u>

Moreover, even if Petitioner's defective plea claim were not procedurally defaulted, the claim fails to present a federal question.  According to 28 U.S.C. § 2254(a), federal habeas relief is only available for claims that involve a federal question independent of the state claim.  "This Court will not take up a question of federal law presented in a case 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"  <u>Lee v. Kemna</u>, 534 U.S. 362, 375 (2002) (quoting <u>Coleman</u>, 501 U.S. at 729 (emphasis added)).  "The Rule applies with equal force whether the state-law ground is substantive or procedural."  <u>Id.</u>

Upon review, it is determined that Petitioner's defective plea habeas claim does not present a federal question because the basis for this claim lies solely in

state law, is completely independent of any federal question, and is adequate to support the judgment. The Superior Court reviewed and dismissed this claim because both the allegedly defective colloquy and the allegedly unsupported added kidnapping charge rested on a state law ground independent of a federal question. (Doc. 15-3, pp. 22-28, Commonwealth v. Solano, 1733 MDA 2009, slip op. at 4 (Pa. Super. 2010)). The Superior Court reasoned that because the alleged defective colloquy was in compliance with Rule 590 of the Pennsylvania Rules of Criminal Procedure, and because the added kidnapping charge was supported by the same facts used to support the murder charge and was based on 18 Pa. C. S. A. § 2901(a), the grounds for the colloquy and the added kidnapping charge, and the resulting Nolo Contendere plea, rested in state law. (Id. at 22, 24).

In general, "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005), rev'd on other grounds, 498 F.3d 344 (6th Cir. 2007). Therefore, because the Superior Court determined that the grounds for the defective plea claim rested on state law, Petitioner's defective plea claim will be dismissed because it fails to present a federal question independent of state law.

### c.   Lack of Merit

Even if this claim were not subject to dismissal based on lack of a federal

18

question, this Court would still dismiss the defective plea habeas claim because Petitioner has not provided any evidence that the Superior Court's determination that the plea was not defective was contrary to, or an unreasonable application of, clearly established federal law.

Pursuant to 28 U.S.C. § 2254(d)(1), a habeas petition "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law...." 28 U.S.C. § 2254(d)(1). Clearly established federal law is defined as "the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529, U.S. 362, 412 (2000). "A state-court decision is 'contrary' to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." Brown v. Peyton, 544 U.S. 133, 141 (2005). "A state-court decision involves an 'unreasonable application' of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." Brown, 544 U.S. at 141. "The range of reasonable judgment can depend in part on the nature of the relevant

19

rule." <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004).

> If a legal rule is specific, the range may be narrow.
> Applications of the rule may be plainly correct or incorrect.
> Other rules are more general, and their meaning must emerge in
> application over the course of time. Applying a general
> standard to a specific case can demand a substantial element of
> judgment. As a result, evaluating whether a rule application
> was unreasonable requires considering the rule's specificity.
> The more general the rule, the more leeway courts have in
> reaching outcomes in case-by-case determinations.

<u>Id.</u> "The question . . . is not whether a federal court believes the state court's

determination was incorrect, but whether that determination was unreasonable – a

substantially higher threshold." <u>Schriro v. Landrigan</u>, 127 S.Ct. 1933, 1939-40

(2007).

The Superior Court found that Petitioner's colloquy was knowingly,

understandably and voluntarily tendered, and that he signed a Nolo Contendere

colloquy rights form that detailed his rights, which was incorporated into the plea

hearing by the trial court after the Commonwealth detailed the factual basis for the

plea. (Doc. 15-3, p. 22). Furthermore, as the Superior Court highlighted,

according to Rule 590 of the Pennsylvania Rules of Criminal Procedure, "a person

who elects to plead guilty or nolo contendere 'is bound by the statement he makes

in open court while under oath and he may not later assert grounds for

withdrawing the plea which contradict the statements he made at colloquy.'" (Doc.

15-3, p. 22-23) (citing Commonwealth v. Turetsky, 925 A.2d 876, 881 (Pa. Super.

2007), appeal denied, 940 A.2d 365 (Pa. 2007) (citation omitted)).  The Superior

Court concluded that not only was Petitioner's plea knowing and voluntary, he

also was not prejudiced by the plea, but rather benefitted from it.  (Doc. 15-3, p.

23).  The plea bargain "allowed [Petitioner] to avoid any question of the death

penalty, and facilitated the imposition of a much less severe sentence." (Id.).

Additionally, regarding the aspect of Petitioner's claim that the allegedly

factually unsupported added kidnapping charge resulted in a defective plea, the

Superior Court found that not only was the charge supported by facts that were

identical to those underlying his third-degree murder charge, but the kidnapping

charge was also completely supported by the Pennsylvania kidnapping statute, 18

Pa. C. S. A. § 2901(a).  (Id. at 23-24).  The Superior Court stated:

> Appellant admitted at his plea that the Commonwealth could
> prove through evidence provided by autopsy that the manner of
> the victim's death had been homicide, and that her body was
> discovered in Pennsylvania where she had been killed.  Thus
> both of Appellant's claims of factual insufficiency and
> jurisdiction are meritless . . .

(Id. at 25).

After an independent review and in light of the habeas review requirements,

presuming that the state court's factual findings were correct, it is determined that

the merits analysis and subsequent dismissal of Petitioner's defective plea claim

that was performed by both the PCRA court and Superior Court is not in violation

of 28 U.S.C. § 2254 because these decisions were supported by established state

statutes and case law, and the application of this law was not objectively

unreasonable. See Rico, 340 F.3d at 181. The federal standard for guilty pleas is

almost identical to Pennsylvania's standard found in Rule 590 requiring that a plea

must be voluntary and intelligent. Bousley v. United States, 523 U.S. 614, 618

(1998). In order for a plea to be voluntary and intelligent, a defendant must have

had explained to him, and understood, "all of his constitutional rights and

protections, including the privilege against compulsory self-incrimination

guaranteed by the Fifth Amendment, the right to trial by jury, and the right to

confront one's accusers." Baney v. Palakovich, 2010 WL 2369107, *7 (M.D. Pa.

June 9, 2010) (Muir, J.). As the Superior Court reasoned, and as this Court has

discussed, Petitioner's plea was made in accordance with Rule 590 and was based,

in part, on the Kidnapping Statute, 18 Pa. C. S .A. § 2901(a). The application of

Rule 590 and 18 Pa. C. S. A. § 2901(a) did not result in a decision that was

contrary to, or an unreasonable application of, clearly established federal law.

Petitioner has not provided this Court with any clear and convincing evidence to

the contrary, and for these reasons, his defective plea claim will be dismissed

22

because it does not present a federal question, and is without merit.

### 3. <u>Fourteenth Amendment Due Process Claim based on trial court error</u>

As stated, Petitioner claims that the trial court erred and violated his Fourteenth Amendment right to due process when it amended the criminal information to include a kidnapping charge because the charge was factually unsupported in violation of Rule 564 of the Pennsylvania Rules of Criminal Procedure, is a non-existent crime in Pennsylvania, and is one over which the Commonwealth does not retain jurisdiction.[3]

### a. <u>Rule 564 Violation</u>

Initially, this claim fails to present a federal question. A habeas claim must present a federal question in order to be considered for review. 28 U.S.C. § 2254(a). "This Court will not take up a question of federal law presented in a case 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" <u>Lee v.</u>

---

[3] Pa. R. Crim. P. 564. Amendment of Information- The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Kemna, 534 U.S. 362, 375 (2002) (quoting Coleman v. Thompson, 501 U.S. 722,

729 (1991) (emphasis added)). "The rule applies with equal force whether the

state-law ground is substantive or procedural." Id.

In his habeas petition, Petitioner bases his claim that the trial court erred in

permitting the Commonwealth to amend the information to include the kidnapping

charge on Pennsylvania Rule of Criminal Procedure 564.  However, the Third

Circuit Court of Appeals rejected an identical argument stating the following:

> [Petitioner] only challenged the trial court's order permitting
> addition of the conspiracy charge in the information under the
> Pennsylvania Rules of Criminal Procedure.  In support of this
> contention, the petitioner only makes passing reference to the
> Federal Constitution and relies almost entirely on state cases
> for precedent.  This was a state law claim, in support of which
> [petitioner] cited only state cases.

Edwards v. Rozum, 337 Fed.App'x. 236, 239 (3d Cir. 2009).  Furthermore, "the

passing invocations of 'due process' we found [in trial court papers] fail to cite the

Federal Constitution or any cases relying on the Fourteenth Amendment ... and

thus ... did not meet our minimal requirement that it must be clear a federal claim

was presented." Id.  Because Petitioner has relied solely on state law regarding his

claim that the trial court erred in allowing the amended criminal information to

include a kidnapping charge, and has only loosely referenced the Fourteenth

Amendment in the heading of his claim, this claim fails to present a federal

24

question, and habeas review is barred.

Moreover, even if Petitioner's claim presented a federal question, this Court would still dismiss it because it is without merit and because the Superior Court's decision was consistent with clearly established federal law. Rule 564 of the Pennsylvania Rules of Criminal Procedure states that a criminal information may be amended "when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa. R. Crim. P. 564. "The purpose of Rule 564 is to ensure that a petitioner is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which petitioner is uninformed." Commonwealth v. Roser, 914 A.2d 447, 453 (Pa. Super. 2006) (emphasis added) (quoting Commonwealth v. Sinclair, 897 A.2d 1218, 1221 (Pa. Super. 2006)).

> [The question is] whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the petitioner is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the petitioner would be prejudiced by the change, then the amendment is not permitted.

Roser, 914 A.2d at 453 (citation omitted).